**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW POORE | : | |
| | : | |
| Appellant | : | No. 1621 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 18, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004318-2017

BEFORE: GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 27, 2019**

Appellant, Matthew Poore, appeals from the June 18, 2018, judgment of sentence entered in the Court of Common Pleas of Berks County following his conviction by a jury on the charges of possession of drug paraphernalia and possession of a controlled substance.[1] Additionally, Appellant's counsel has filed a petition seeking to withdraw her representation, as well as a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "**Anders** brief"). After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

---

[1] 35 P.S. § 780-113(a)(32) and (16), respectively.

---

\* Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history have been set forth, in part, by the trial court as follows:

On June 18, 2017, [Appellant] called 911 about issues with his lease agreement and landlord. Officer William Raibeck of Muhlenberg Township Police responded to [Appellant's] residence. [Appellant] relayed information about a purported burglary. [At Appellant's jury trial,] Officer Raibeck testified that during the conversation [Appellant] was "very manic," "[k]ept repeating himself over and over again," and "was sweating profusely and getting very agitated." N.T. Trial, 04/09/2018, [at] 83-84. After speaking with [Appellant], Officer Raibeck determined there was nothing criminal and left the residence.

Over the next approximately three hours, [Appellant] placed additional calls to 911. Officer Raibeck testified[:]

At the last 911 call that I received, I reached out to SAM Crisis. I had them respond because I believe[d] I was dealing with what we call Class IV issues, mental health issues. And they responded, and the decision was made that we would be [*sic*] 302, involuntary commitment for [Appellant].

\*\*\*

I think it was collective between me and the SAM Crisis worker that he was paranoid. There was other comments made about cell phones being tapped and information about [the] title of his car not having mileage, how it was chop-shopped and extreme paranoia and anxiety. I am obviously not a mental health professional, but I am trained to recognize certain signs of [mental] issues, and then we refer to SAM Crisis at this point and they make the determination.

\*\*\*

[Appellant] was given an opportunity to voluntarily go to the hospital, that's the normal process. When he denied that, the verbal authorization was given to me by SAM Crisis to do an involuntary [commitment]. So he was taken into custody and I handcuffed him, did what we call a *Terry* frisk or a pat down for weapons,

which is a non-invasive search, but overall a safety sweep, if you will.

[*Id.* at] 84-85. Officer Raibeck did not find any weapons, drugs, or drug paraphernalia on [Appellant] at that time. *Id.* [at] 86.

[Appellant] was transported to Saint Joseph's Hospital. [Appellant] attempted to leave and became irate with hospital staff. [Appellant] resisted every effort to be restrained and refused to comply. *Id.* [at] 87. Hospital staff then searched [Appellant] while he was restrained. Officer Raibeck testified[:]

> They started removing clothing. I maintained control of his left arm while he was on the bed and ultimately they removed every item of clothing from him. The doctor that was in the room was Doctor Basil (phonetic). He did—[Appellant's] pants were removed and [the doctor] did a brief pat down of his genital area. And when the doctor observed something, it was a nonverbal transaction between me and him, but he, basically, I could see he found something. The doctor pulled down [Appellant's] underwear and untangled a small sunglass baggy that contained the drugs and the paraphernalia, subsequently threw it on the floor at my feet, which I retrieved immediately.
>
> ***
>
> I did not see specifically how it was tangled because of the way that [the] doctor pulled the underwear up, but you can tell it was manipulated or tied in a fashion that it was not to be discovered by walking or shaking or however you want to say.

[*Id.* at] 88.

Officer Raibeck emptied the sunglass baggy at the hospital and discovered two syringes, three cotton swabs, and "three coin-sized baggies that contained some sort of residue and one had a crystalline substance in it, which I suspected was methamphetamine." [*Id.* at] 89. The Commonwealth introduced the sunglass carrying pouch and three coin-sized baggies at trial, as well as a photograph of the two syringes and three cotton swabs (which had been discarded as biohazard material prior to trial) that were recovered from [Appellant's] person. *Id.* [at] 92-100, 161. Officer Raibeck testified that the sunglass bag was "attached to [Appellant's] genital region." *Id.* [at] 163.

Officer Raibeck testified that he received training to identify illegal drugs and drug paraphernalia, and he has made hundreds of arrests for drug possession and possession of drug paraphernalia. [*Id.* at 90]. He testified that methamphetamine is often ingested via syringe. *Id.* [at] 91. Adam Shober-a forensics drug analyst for the Pennsylvania State Police Crime Lab-was qualified as an expert and testified for the Commonwealth that the baggies recovered from [Appellant's] person contained methamphetamine. *Id.* [at] 165-173.

Trial Court Opinion, filed 5/2/19, at 1-3.

At the conclusion of all testimony, the jury convicted Appellant of the offenses indicated *supra*. On June 18, 2018, Appellant proceeded to a sentencing hearing at the conclusion of which the trial court imposed a sentence of 238 days to 23 months in prison for possession of a controlled substance, to be followed by one year of probation for possession of drug paraphernalia. Appellant was given 238 days of credit for time served.

At the conclusion of the sentencing hearing, Appellant requested that counsel be appointed to assist him with post-sentence motions. By order entered on June 25, 2018, the trial court appointed Christopher B. Connard, Esquire,[2] and indicated that post-sentence motions were due within thirty

_____

[2] The record reflects that, on August 9, 2017, Attorney Connard was originally appointed to represent Appellant. However, at the preliminary hearing, Appellant indicated he wished to proceed *pro* se. The trial court granted the request but also appointed Attorney Connard as stand-by counsel for purposes of trial. At the conclusion of the sentencing hearing, as indicated *supra*, Appellant indicated he wished to file post-sentence motions with the assistance of counsel, and thus, the trial court again appointed Attorney Connard.

days of the entry of the judgment of sentence (on or before July 18, 2018). On July 13, 2018, Attorney Connard filed a motion to withdraw as counsel,[3] as well as a motion for an extension of time to file post-sentence motions. By order entered on July 17, 2018, the trial court granted Attorney Connard's motion to withdraw, appointed Catherine Nadirov, Esquire, to represent Appellant, and granted Appellant an additional thirty days to file post-sentence motions.

On August 1, 2018, Attorney Nadirov filed a post-sentence motion on behalf of Appellant, and by order entered on August 15, 2018, the trial court denied the motion. This counseled appeal followed on September 14, 2018. [4]

_____

[3] Therein, Attorney Connard indicated there was a complete breakdown in the attorney-client relationship such that Attorney Connard concluded he could not adequately represent Appellant.

[4] We note that, generally, the time for filing an appeal is thirty days from the entry of the judgment of sentence; however, the appeal period is tolled when a defendant files a post-sentence motion within ten days after the imposition of the sentence. **See** Pa.Crim.P. 720. An untimely post-sentence motion does not toll the thirty-day appeal period. **Commonwealth v. Dreves**, 839 A.2d 1122 (Pa.Super. 2003) (*en banc*). However, a post-sentence motion *nunc pro tunc* may toll the appeal period if: (1) within thirty days after the imposition of sentence, the defendant requests the trial court to consider the motion *nunc pro tunc*, and (2) the trial court expressly grants the request. **Id.**
Here, at the conclusion of the sentencing hearing, Appellant, who was *pro se*, requested the appointment of counsel to assist him with the filing of post-sentence motions. Seven days later, on June 25, 2018, the trial court appointed counsel to assist Appellant and *sua sponte* indicated Appellant's post-sentence motion was due no later than thirty days after the imposition of sentence (by July 18, 2018). Instead of filing a post-sentence motion, appointed counsel filed a petition to withdraw on July 13, 2018, which the trial court granted on July 17, 2018. The trial court appointed new counsel and

The trial court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, and consequently, no such statement was filed.[5] The trial court filed a Pa.R.A.P. 1925(a) opinion explaining the reasons it denied Appellant's post-sentence motion. On June 18, 2019, counsel filed in this Court a petition seeking to withdraw her representation, as well as an *Anders* brief. Appellant filed no further submissions either *pro se* or through privately-retained counsel.

Prior to addressing any issue raised on appeal, we must first resolve counsel's petition to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

_____

purported to grant Appellant an additional thirty days to file post-sentence motions. New counsel filed a post-sentence motion on August 1, 2018.

As is evident, the August 1, 2018, post-sentence motion was not filed within ten days after the imposition of sentence nor "*nunc pro tunc*" within thirty days as proscribed by *Dreves*. Nevertheless, due to the apparent breakdown in the trial court's processes, including twice informing Appellant it had extended the time period for him to file post-sentence motions, we decline to quash this appeal on the basis it was untimely filed. *See Commonwealth v. Patterson*, 940 A.2d 493 (Pa.Super. 2007) (holding this Court may excuse an untimely appeal, which is due to a breakdown in the judicial system).

[5] Our docket reflects that, on November 13, 2018, Appellant filed a Pa.R.A.P. 1925(b) statement *nunc pro tunc*. However, although the Rule 1925(b) statement was included on the docket for the instant case, it is clear the statement was filed in relation to Appellant's appeals in two other unrelated cases.

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in *Santiago* stated that an *Anders* brief must:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 602 Pa. at 178-79, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance with the *Anders* requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007).

Herein, counsel contemporaneously filed her petition to withdraw as counsel and *Anders* brief. Her brief and petition substantially comply with

the technical requirements of **Anders** and **Santiago**. Moreover, counsel has provided this Court with a copy of the letter, which she sent to Appellant advising him of his right to retain new counsel, proceed further with his case *pro* se, and raise any points that he deems worthy of this Court's attention. **See Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005). Therefore, we proceed to examine the issues counsel identified in the **Anders** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

In his first issue, Appellant contends the evidence is insufficient to sustain his convictions for possession of drug paraphernalia and possession of a controlled substance.

A successful sufficiency-of-the-evidence claim requires discharge. **Commonwealth v. Toritto**, 67 A.3d 29 (Pa.Super. 2013) (*en banc*). Whether the evidence was sufficient to sustain the charge presents a question of law. **Id.** Our standard of review is *de novo*, and our scope of review is plenary. **Commonwealth v. Walls**, 144 A.3d 926 (Pa.Super. 2016). In conducting our inquiry, we examine:

> whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, [is] sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so

weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

***Commonwealth v. Trinidad***, 96 A.3d 1031, 1038 (Pa.Super. 2014) (quotation omitted).

With regard to possession of drug paraphernalia, 35 P.S. § 780-113(a)(32) provides that the following is prohibited:

(32) The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

With regard to possession of a controlled substance, 35 P.S. § 780-113(a)(16) provides that the following is prohibited:

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

Regarding the possessory element of the offenses, it is well-settled that "possession can be found by proving actual possession, constructive possession, or joint constructive possession." ***Commonwealth v. Parrish***, 191 A.3d 31, 36 (Pa.Super. 2018) (quotation and quotation marks omitted).

Actual possession is proven "by showing…[that the contraband was] found on the [appellant's] person." ***Commonwealth v. Macolino***, 503 Pa. 201, 469 A.2d 132, 134 (1983).

Here, Officer Raibeck testified that, after Appellant was restrained in connection with his involuntary commitment pursuant to Section 302 of the Mental Health Procedures Act, 50 P.S. § 7302, a doctor pulled down Appellant's underwear and discovered a small sunglass baggy. N.T., 4/9/18, at 88. The doctor removed the sunglass baggy and tossed it on the floor by the officer's feet; the officer picked up the sunglass baggy. ***Id.*** The officer opened the sunglass baggy and discovered three coin-sized baggies, which contained residue and/or a crystalline substance, three cotton swabs, and two syringes. ***Id.*** at 89. Officer Raibeck testified syringes are used to ingest methamphetamine and "cotton swabs are used as a filter for material" when the methamphetamine is used. ***Id.*** at 90-91. He specifically opined that, based on his training and experience, the items constituted drug paraphernalia. ***Id.*** at 91.

Moreover, Officer Raibeck testified that he sent the baggie containing the crystalline substance to the Pennsylvania State Police Crime Lab. ***Id.*** at 102. Adam Shober, who is a forensic drug analyst for the Lab, confirmed that he tested the crystalline substance and the results were positive for methamphetamine weighing .20 grams. ***Id.*** at 173.

Based on the aforementioned, and applying the appropriate standard of review, we conclude the Commonwealth sufficiently established that Appellant was in possession of drug paraphernalia and a controlled substance. Accordingly, we find no merit to his sufficiency of the evidence claim.[6]

In his second issue, Appellant contends the jury's verdicts are against the weight of the evidence. Appellant suggests Officer Raibeck's testimony was incredible.[7]

When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa.Super. 2015) (quotation marks and quotation omitted). Resolving contradictory testimony and questions of credibility are

---

[6] Appellant suggests the evidence was insufficient because Officer Raibeck seized the contraband in the hospital, which is allegedly outside of the officer's primary jurisdiction of Muhlenberg Township. As indicated *supra*, in reviewing a sufficiency of the evidence claim, we review the **entire** record and **all** of the evidence introduced at trial. *Trinidad*, *supra*.

Moreover, to the extent Appellant suggests the trial court should have suppressed the evidence on the basis Officer Raibeck violated the Statewide Municipal Police Jurisdiction Act, 42 Pa.C.S.A. § 8953, we note Appellant did not properly seek suppression in the trial court on this basis. Thus, the issue is waived for purposes of appeal. Pa.R.A.P. 302(a).

[7] Appellant raised a general weight of the evidence claim in his post-sentence motion. Noting the claim failed to identify how the verdict was against the weight of the evidence, the trial court found no merit. *See* Trial Court Opinion, filed 5/2/19, at 4-5. Appellant similarly presents a general weight of the evidence claim on appeal.

matters for the finder of fact. **Commonwealth v. Hopkins**, 747 A.2d 910, 917 (Pa.Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. **Talbert**, **supra**.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this Court does not review the underlying question of whether the verdict is against the weight of the evidence. **See id.**

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Id.** at 546 (quotation omitted). Furthermore, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." **Id.** (quotation marks and quotation omitted).

In the case *sub judice*, Appellant requests that we re-weigh the evidence and assess the credibility of a witness presented at trial, a task that is beyond our scope of review. The jury, as finder of fact, had the duty to determine the credibility of the testimony and evidence presented at trial. **See Commonwealth v. Collins**, 70 A.3d 1245, 1251 (Pa.Super. 2013) (stating that "[a]n appellate court cannot substitute its judgment for that of the finder

of fact"). Accordingly, the trial court did not abuse its discretion in denying Appellant's weight of the evidence claim.

In his final issue, Appellant contends the trial court abused its discretion in imposing a manifestly excessive sentence. Specifically, Appellant avers the trial court relied on an impermissible factor in sentencing Appellant. Namely, Appellant avers that, since Appellant's father is not a mental health professional, the trial court abused its discretion in permitting him to testify at sentencing regarding Appellant's poor mental health. This claim presents a challenge to the discretionary aspects of Appellant's sentence. *See Commonwealth v. P.L.S.*, 894 A.2d 120, 127 (Pa.Super. 2006) (finding that a contention the trial court considered impermissible sentencing factors is a discretionary aspects of sentencing claim).

We have long held that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Id.* at 122 (citation omitted). Instead, such challenges are considered petitions for allowance of appeal. *Id.* Generally, an appellant who wishes to challenge the discretionary aspects of his sentence must satisfy a four-part test to invoke this Court's jurisdiction:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appeal from is not appropriate under the Sentencing Code.

*Id.* (citation omitted). Finally, "[w]hether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis." *Id.* (citation omitted).

Here, assuming, *arguendo*, Appellant filed a timely notice of appeal, preserved his sentencing claim, and presented a substantial question, we conclude Appellant's claim is meritless.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (quotation omitted).

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on the victim and community, and rehabilitative needs of the defendant....Furthermore, [a] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence[.] The sentencing court, however, must also consider the sentencing guidelines.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa.Super. 2006) (quotation marks, quotations, and citation omitted).

In the case *sub judice*, the record reflects the trial court was provided with Appellant's offense gravity scores, prior record, and the sentencing guideline ranges. N.T., 6/18/18, at 5. Additionally, the trial court permitted

Appellant's father, Richard Poore, to make a verbal statement for sentencing purposes. *Id.* at 6. Richard Poore indicated that Appellant is mentally ill, bipolar, and schizophrenic; however, Appellant "has no insight into his condition, which is the key here." *Id.* at 9. Richard Poore advised the trial court that, since Appellant's teenage years, he has had a "bipolar condition," but the "schizophrenia and paranoia came on about three years ago[.]" *Id.* at 10. Richard Poore admitted that he is not a mental health professional, but he asked the trial court to provide Appellant with treatment so that Appellant could "break" his pattern of self-destruction. *Id.* at 11.

Moreover, the record reveals the trial court reviewed Appellant's mental health prison records and recognized that, within the past month, Appellant refused to speak to a psychiatrist for evaluation. *Id.* at 12. The trial court indicated the record revealed Appellant "denied mental health treatment, and…denied mental health services." *Id.* at 14.

Based on the aforementioned, we conclude it was not improper for the trial court to consider Richard Poore's statements regarding Appellant's history of mental illness, particularly in light of Appellant's mental health prison records, which the trial court also considered in imposing sentence. Such information related to Appellant's rehabilitative needs, which is a proper consideration under 42 Pa.C.S.A. § 9721(b). Accordingly, we find no merit to Appellant's claim that the trial court relied on an impermissible factor in

imposing Appellant's sentence, and consequently, the sentence was not excessive on this basis.

After examining the issues contained in the **Anders** brief, we agree with counsel that the appeal is wholly frivolous. "Furthermore, after conducting a full examination of all the proceedings as required pursuant to **Anders**, we discern no non-frivolous issues to be raised on appeal." **Yorgey**, 188 A.3d at 1195. Thus, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/27/2019